IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CRAIG MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08 C 540 |
| ) | Judge Samuel Der-Yeghiayan |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS**

NOW COMES Defendant NATIONAL RAILROAD PASSENGER CORPORATION, by its attorneys, Susan K. Laing and Anderson, Rasor & Partners, LLP and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure moves to dismiss plaintiff's complaint as it fails to state a claim upon which relief can be granted as plaintiff has failed to satisfy a condition precedent to bringing this suit. In support of this Motion, Defendant states the following:

1. Plaintiff Craig Meyers filed this Complaint against his employer, National Railroad Passenger Corporation ("Amtrak") on January 24, 2008. (A copy of the Complaint is attached hereto as Exhibit "A") This Complaint purports to allege a cause of action under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* for injuries to his shoulders, neck and upper extremities allegedly sustained at some unidentified time during the course of his employment with Amtrak.

2. Section 56 of the Federal Employers' Liability Act sets out the conditions under which a suit may be brought:

> No action may be maintained under this Act unless commenced within three years from the day the cause of action accrued.

45 U.S.C. §56.

3.  Federal law is well settled that in actions brought under the FELA, Section 56 is not a statute of limitations affording a defendant an affirmative defense but rather is a condition precedent to recovery under the Act. Accordingly, in order to recover under the Act, plaintiff must not only prove, but must be able to plead, in good faith consistent with the Federal Rules of Civil Procedure, that his cause of action was commenced within this three year period. *Dixon v. Martin*, 260 F.2d 809, 811 (5th Cir. 1958); *Carpenter v. Erie Railroad Co.*, 132 F.2d 362 (3rd Cir. 1942); *Frasure v. Union Pacific Railroad Company*, 782 F.Supp. 477, 479 (C.D.Ill. 1991); *Williams v. Southern Pacific Transportation Company*, 813 F.Supp. 1227, 1231 (S.D.Miss. 1992).

4.  With respect to plaintiff's claim here, which does not seek recovery for a single traumatic incident but rather is a claim that his physical maladies occurred due to allegedly negligent actions over a lengthy period of time, courts have applied a "discovery rule" to determine when the three-year limitations period begins. *Urie v. Thompson*, 337 U.S. 163 (1949); *Fries v. Chicago & Northwestern Transportation Company*, 909 F.2d 1092 (7th Cir. 1990); *Tolston v. National Railroad Passenger Corporation*, 102 F.3d 863 (7th Cir. 1996); *Matson v. Burlington Northern Santa Fe Railroad*, 240 F.3d 1233 (10th Cir. 2001); *Albert v. Maine Central Railroad* Company, 905 F.2d 541 (1st Cir. 1990). Under this rule, unless a plaintiff files his action within three years from the time he knew or in the exercise of reasonable diligence should have known of his condition and its governing cause, his action is time-barred. *Fries*, 909 F.2d 1092, 1095.

5.	Accordingly, it is plaintiff's burden under both the FELA and the Federal Rules of Civil Procedure to specifically plead when his cause of action for each claimed condition (he has multiple claimed conditions) accrued. Only if that accrual date is within three years of his filing suit may his claim stand.[1]

6.	However, turning to the allegations of the complaint it is clear that plaintiff has not met his pleading burden. Nowhere in his complaint is there any indication as to when his alleged injuries occurred, other than presumably sometime between 1978 when he began working with Amtrak and the day he filed his complaint. Even under the most liberal interpretation, there is no hint that his injuries manifested within three years of filing suit.

7.	For all of the foregoing reasons, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing plaintiff's complaint, or alternatively, requiring plaintiff to file an amended complaint specifically stating when each of his conditions accrued.

NATIONAL RAILROAD PASSENGER CORPORATION

By: /s/ Susan K. Laing
One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
55 East Monroe, Suite 3650
Chicago, Illinois 60603
(312) 673-7813 (S.K.Laing)
susan.laing@arandpartners.com

---

[1] In this matter, plaintiff initially filed his lawsuit in Philadelphia on March 30, 2007. That lawsuit was dismissed on Amtrak's forum motion as Philadelphia was an improper forum for this Illinois worker. Under the terms of the dismissal order, plaintiff's action in this court would be deemed filed as of March 30, 2007, if plaintiff filed suit before January 30, 2008.

## **CERTIFICATE OF SERVICE**

I, the undersigned, a non-attorney, being first duly sworn on oath, deposes and states that she served the foregoing   **Motion to Dismiss**   to:

Steven M. Dicker, Esq.
Dicker & Dicker
300 West Adams Street - #330
Chicago, IL 60606
Phone: (312) 853-3485

Thomas J. Joyce, III, Esq.
Law Office of Thomas J. Joyce, III
900 Centerton Rd.
Mount Laurel, NJ 08054
(856) 914-0220

by mailing a true copy thereof in a first class, postage prepaid envelope addressed to counsel as listed above, by depositing said envelope in the U.S. Mail chute located at 55 E. Monroe Street, Suite 3650, Chicago, Illinois, before the hour of 5:00 p.m. on April 25, 2008.

*/s/ Catherine M. Jervanis/*

Subscribed and Sworn To
Before Me this 25th
Day of ___April___, 2008

*/s/ Patricia A. Gunia/*
Notary Public

Anderson, Rasor & Partners, LLP
55 E. Monroe Street
Suite 3650
Chicago, IL 60603

"OFFICIAL SEAL"
PATRICIA A. GUNIA
Notary Public, State of Illinois
My Commission Expires 06/13/11