NF

**FILED**

**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| **CRAIG MEYERS**<br>5338 S. Nordica Avenue<br>Chicago, IL 60638 | : <br>: <br>: <br>: | **CIVIL ACTION** |
| Plaintiff | : <br>: | |
| | : | NO. |
| v. | : <br>: | **08 C 540** |
| **NATIONAL RAILROAD PASSENGER**<br>**CORPORATION (AMTRAK)**<br>210 S. Canal Street<br>Chicago, IL 60606 | : <br>: <br>: <br>: <br>: | **JUDGE DER-YEGHIAYAN**<br>**MAGISTRATE JUDGE DENLOW**<br>**JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

1. The Plaintiff, Craig Meyers, is a competent adult individual residing at 5338 S. Nordica Avenue, Chicago, IL 60638.

2. The Defendant, National Railroad Passenger Corporation, hereinafter referred to as Amtrak, is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 210 S. Canal Street, Chicago, IL 60606.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60, which Act grants this Court jurisdiction over this action.

4. At all times material hereto, the Defendant, Amtrak, was engaged in interstate commerce as a common carrier by rail, and for the purpose hereof did operate a line and system of railroads and transacted substantial business throughout the state of Illinois and other states throughout the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission



EXHIBIT A

causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendant railroad, and at all times relevant hereto was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All of the property, equipment and operations involved in this matter were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. The Plaintiff has been employed by the Defendant from 1978 as a pipe fitter / sheet metal worker and, while working within the course and scope of his employment with Amtrak, was exposed to excessive and harmful cumulative trauma, repetitive stress, force and/or vibration to his neck, shoulders and upper extremities due to the lifting, reaching, pulling, twisting, stretching, carrying, operation of equipment, use of tools, and working in awkward pastures, which he performed in his work for Defendant.

9. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has suffered occupational injuries to his neck, shoulders, arms, wrists and hands, including but not limited to carpal tunnel syndrome.

10. The injuries and disabilities of the Plaintiff were caused, contributed to, and/or aggravated by exposure to excessive cumulative trauma, repetitive stress, force and/or vibration

to his neck, shoulders and upper extremities while working for the Defendant.

11. Plaintiff's injuries were directly and proximately caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting in the course and scope of their employment, which negligence consisted of:

    a) failure to use ordinary care and caution to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60;

    b) failure to provide a timely and adequate ergonomic program designed to prevent occupational cumulative trauma, repetitive stress, force and/or vibration injuries;

    c) failure to comply with safety and operating rules and regulations of the Defendant;

    d) forcing the Plaintiff to work under hurried and/or awkward conditions;

    e) negligence of the Defendant's agents, servants, workmen and/or employees;

    f) failure to take any effective action to reduce, modify or eliminate certain job duties, equipment, or practices so as to minimize or eliminate cumulative trauma, repetitive stress, force and/or vibration to which Plaintiff would be exposed;

    g) failure to periodically test employees such as the Plaintiff for physical effects of cumulative trauma, repetitive stress, force and/or vibration, and failing to take appropriate action, including advising Plaintiff as to the test

3

results;

h) failure to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with and around cumulative trauma, repetitive stress, force and/or vibration;

i) providing the Plaintiff, and those working around him, with equipment, materials and/or work environment which the Defendant knew or should have known caused and/or contributed to repetitive trauma injuries as a result of exposure to repetitive occupational trauma;

j) failure to make reasonable efforts to inspect and/or monitor the levels/amounts of repetitive stress and cumulative trauma produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant;

k) failure to provide the Plaintiff with protective equipment designed to protect him from repetitive stress and cumulative trauma injuries as a result of exposure to occupational repetitive stress, cumulative trauma, force and/or vibration;

l) failure to provide adequate manpower and/or equipment;

m) requiring and/or allowing the Plaintiff to be exposed to unsafe levels of cumulative trauma, repetitive stress, force and/or vibration when Defendant knew or should have known of the risks thereof;

n) failure to employ safe working practices;

o) failure to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive stress injuries;

4

p)     failure to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering repetitive trauma injury;

q)     negligence at law; and

r)     otherwise failing to exercise due and adequate care and caution under the circumstances.

12. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, and all of which will continue in the future.

13. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, and has incurred reasonable and necessary medical expenses, all of which will continue in the future.

14. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life, past, present and future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), together with costs and interest thereon.

DICKER & DICKER

BY: /s/Steven M. Dicker

5

        STEVEN M. DICKER, ESQUIRE
        #52742
        300 W. Adams Street, Suite 330
        Chicago, IL 60606
        (312) 853-3485
        Attorney for Plaintiff


        LAW OFFICE OF THOMAS J. JOYCE, III


BY:/s/*Thomas J. Joyce, III*
        THOMAS J. JOYCE, III, ESQUIRE
        900 Centerton Road
        Mount Laurel, NJ 08054
        (856) 914-0220
        Attorney for Plaintiff


Date: January 24, 2008