IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| CRAIG MEYERS<br>5338 S. Nordica Avenue<br>Chicago, IL 60638 | : <br>: <br>: | CIVIL ACTION |
| Plaintiff | : <br>: <br>: | Case. No. 1:08-cv-00540 |
| v. | : <br>: | Honorable Samuel Der-Yghiayan |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>210 S. Canal Street<br>Chicago, IL 60606 | : <br>: <br>: <br>: | <u>JURY TRIAL DEMANDED</u> |
| Defendant | : <br>: | |

<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

1. This action was originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on March 30, 2007. By Order of the Court of Common Pleas of Philadelphia County, Pennsylvania, that action was tolled and dismissed without prejudice to be refilled in Illinois by January 30, 2008. In compliance with that Order, Plaintiff timely filed this instant action in the United States District Court for the Northern District of Illinois, Eastern Division, on January 24, 2008.

2. The Plaintiff, Craig Meyers, is a competent adult individual residing at 5338 S. Nordica Avenue, Chicago, Illinois 60638.

3. The Defendant, National Railroad Passenger Corporation, hereinafter referred to as Amtrak, is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 210 S. Canal Street, Chicago, Illinois 60606.

4. This suit is brought pursuant to an Act of Congress known as the Federal

Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60, which Act grants this Court jurisdiction over this action.

5. At all times material hereto, the Defendant, Amtrak, was engaged in interstate commerce as a common carrier by rail, and for the purpose hereof did operate a line and system of railroads and transacted substantial business throughout the state of Illinois and other states throughout the United States.

6. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

7. At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendant railroad, and at all times relevant hereto was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

8. All of the property, equipment and operations involved in this matter were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

9. The Plaintiff has been employed by the Defendant from 1978 to the present as a pipe fitter / sheet metal worker and, while working within the course and scope of his employment with Amtrak, was exposed to excessive and harmful cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration to his neck, shoulders and upper extremities due to the excessive lifting, carrying, reaching, pulling, twisting, stretching, carrying, operation of equipment, and use of tools, which he performed in his work for

Defendant.

10. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has suffered occupational injuries to his neck, shoulders, arms, wrists and hands, including but not limited to carpal tunnel syndrome.

11. The injuries and disabilities of the Plaintiff were caused, contributed to, and/or aggravated by exposure to excessive cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration to his neck, shoulders and upper extremities while working for the Defendant.

12. Less than three years before this action was originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, as noted above, Plaintiff discovered that he suffered from occupational injuries as a result of exposure to excessive cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration to his neck, shoulders and upper extremities, and, until such time, Plaintiff was reasonably ignorant as to same.

13. Plaintiff originally filed this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, as noted above, within three years of first learning that he sustained occupational injuries to his neck, shoulders, arms, wrists and hands, including but not limited to carpal tunnel syndrome.

14. Plaintiff's injuries were directly and proximately caused, contributed to, and/or aggravated, in whole or in part, by the negligence, carelessness and/or recklessness of the Defendant and its agents, servants, workmen and/or employees, acting in the course and scope of their employment, which negligence consisted of:

    a) failing to use ordinary care and caution to provide the Plaintiff with a reasonably safe place to work as required by the Federal Employers'

        Liability Act (FELA), 45 U.S.C. Secs. 51-60;

b)    failing to provide a timely and adequate ergonomic program designed to prevent occupational injuries from cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration;

c)    failing to comply with safety and operating rules and regulations of the Defendant;

d)    forcing the Plaintiff to work under hurried and/or awkward conditions;

e)    negligence of the Defendant's agents, servants, workmen and/or employees;

f)    failing to take any effective action to reduce, modify or eliminate certain job duties, equipment, or practices so as to minimize or eliminate cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration to which Plaintiff was be exposed;

g)    failing to periodically test employees such as the Plaintiff for physical effects of cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration, and failing to take appropriate action, including advising Plaintiff as to the test results;

h)    failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with and around cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration;

i)    providing the Plaintiff, and those working around him, with equipment, materials and/or work environment which the Defendant knew or should

have known caused and/or contributed to cumulative trauma injuries as a result of exposure to repetitive occupational trauma;

j) failing to make reasonable efforts to inspect and/or monitor the levels/amounts of repetitive stress and cumulative trauma produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant;

k) failing to provide the Plaintiff with protective equipment designed to protect him from repetitive stress and cumulative trauma injuries as a result of exposure to occupational cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration;

l) failing to provide adequate manpower and/or equipment to safely perform the assigned tasks;

m) requiring and/or allowing the Plaintiff to be exposed to unsafe levels of cumulative trauma, repetitive stress, repetitive motion, force, awkward postures, and/or vibration when Defendant knew or should have known of the risks thereof;

n) failing to employ safe working practices;

o) failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding cumulative trauma, repetitive stress and/or repetitive motion injuries;

p) failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering cumulative trauma, repetitive stress and/or repetitive motion injury;

      q)      negligence at law; and,

      r)      otherwise failing to exercise due and adequate care and caution under the circumstances.

15.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, and all of which will continue in the future.

16.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, and has incurred reasonable and necessary medical expenses, all of which will continue in the future.

17.    As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life, past, present and future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), together with costs and interest thereon.

                                                          DICKER & DICKER

                                                          BY:*/s/Steven M. Dicker*
                                                             STEVEN M. DICKER, ESQUIRE

       #52742
       300 W. Adams Street, Suite 330
       Chicago, IL 60606
       (312) 853-3485
       Attorney for Plaintiff


       LAW OFFICE OF THOMAS J. JOYCE, III

BY:*/s/Thomas J. Joyce, III*
       THOMAS J. JOYCE, III, ESQUIRE
       900 Centerton Road
       Mount Laurel, NJ 08054
       (856) 914-0220
       Attorney for Plaintiff

Date: May 22, 2008