IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 540 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | ) ) ) | |
| Defendant. | ) | |

**JOINT MEMORANDUM OF LAW REGARDING POTENTIAL APPLICABILITY OF THE FEDERAL TORT CLAIMS ACT AND EXHAUSTION OF REMEDIES**

This Court has requested a brief memorandum of law regarding the impact – if any – of the Federal Tort Claims Act ("FTCA," 28 U.S.C. §§2671, *et seq.* (2008)) on this action, including any exhaustion provisions. Plaintiff's claim seeks monetary damages under the Federal Employers' Liability Act ("FELA," 45 U.S.C. §§51, *et seq.* (2008)) for injuries allegedly suffered during his employment with the National Railroad Passenger Corporation ("NRPC"), d/b/a Amtrak. *See generally* Exhibit A, Plaintiff's Amended Complaint at Law. Necessary questions to resolve this issue are whether the NRPC is subject to the FTCA, and whether there are any "exhaustion of remedies" requirements before a plaintiff may file an action under the FELA.

The FTCA grants the district courts exclusive jurisdiction over all civil actions brought against the United States Government. 28 U.S.C. §1346 (2008). This includes independent establishments of the United States and corporations primarily acting as instrumentalities or agencies of the United States. 28 U.S.C. §2671 (2008). The FTCA specifically excludes certain "establishments" of the United States, including the Tennessee Valley Authority and the Panama Canal Company. 28 U.S.C. §2680(l),(m) (2008).

The NRPC was formed by Act of Congress in 1970, now codified under 49 U.S.C. §§ 24301, *et seq*. United States is the owner of more than one-half of the National Railroad Passenger Corporation's capital stock, and its board of directors is appointed by the President. 28 U.S.C. §24302 (2008). Congress explicitly states, however, that the NRPC is not a "department, agency, or instrumentality of the United States Government." 49 U.S.C. §24301(a)(3) (2008). The case law has further recognized that the NRPC is "a private corporation operated for profit." Sentner v. Amtrak, 540 F.Supp. 557 (D.C.N.J. 1982), *citing* NRPC v. Miller, 358 F.Supp.1321 (D.Kan.) (three judge court), aff'd, 414 U.S.948, 94 S.Ct. 285 (1973). There is no surprise, then, that the FTCA does not specifically exclude the NRPC in the same form as the Tennessee Valley Authority or the Panama Canal Company. *See generally* 28 U.S.C. §2680 (2008). This is because the NRPC is a private corporation, and not a department, agency, or instrumentality of the United States Government (49 U.S.C. §24301(a)(3) (2008), and Sentner, 540 F.Supp. 557, 561 (1982)), and as such, the FTCA would not apply to claims directed against it. 28 U.S.C. §1346 and §2671 (2008). The claims in the case at bar are directed at the NRPC as the sole defendant, and thus the FTCA does not apply. Id., 28 U.S.C. §2672 (2008).

\* \* \*

Though we have concluded above that the FTCA would not apply, this Court has also requested whether any issues regarding exhaustion of remedies apply. From a review of the FELA, we conclude that there are no applicable exhaustion of remedies issues in the case at bar. *See generally* 45 U.S.C. §§ 51, *et seq*. The FTCA contains a specific provision requiring the plaintiff to exhaust his remedies with the appropriate state agency before he may bring a claim against the United States. 28 U.S.C. §2675 (2008). Such a requirement is absent from the FELA. 45 U.S.C. §§ 51, *et seq*. In fact, the FELA is the only remedy for railroad employees'

injuries sustained while engaged in interstate commerce.  <u>Smith v. Medical and Surgical Clinic Ass'n.</u>, 118 F.3d 416 (C.A.5.Tex., 1997).  As noted above, the FTCA and its exhaustion provision would not apply because the NRPC is not a Federal agency.  Because the FELA is the only remedy for railroad employees' injuries sustained in interstate commerce, and no exhaustion provision is included therein, there is not an exhaustion provision that must be met in this case before jurisdiction would be proper before this Court.  <u>Smith</u>, 118 F.3d 416, and 45 U.S.C. §§ 51, *et seq.*

                                                  Respectfully submitted,

By:  *s/Joseph L. Nelson*
      JOSEPH L. NELSON
      Anderson, Rasor & Partners, LLP
      55 E. Monroe, Suite 3650
      Chicago, IL 60603
      *Attorney for Defendant*

By:  *s/Steven M. Dicker*
      STEVEN M. DICKER
      Dicker & Dicker
      300 W. Adams Street, Suite 330
      Chicago, IL 60606
      *Local Attorney for Plaintiff*

By:  *s/Thomas J. Joyce, III*
      THOMAS J. JOYCE, III
      Law Office of Thomas J. Joyce, III
      900 Centerton Road
      Mount Laurel, NJ 08054
      *Lead Trial Attorney for Plaintiff*