IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 540 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | ) ) ) | |
| Defendant. | ) | |

**JOINT MEMORANDUM OF LAW REGARDING
THE APPLICABLE STATUTE OF LIMITATIONS**

**Introduction**

This Court has requested that the parties prepare a joint memorandum of law regarding the statute of limitations and any tolling provisions applicable to this matter. For the reasons set forth below, the parties are in agreement that Plaintiff's Complaint was filed with an effective date of March 30, 2007, and is timely if Plaintiff's cause of action accrued within three years of that date (on or after March 30, 2004).

**Relevant Dates**

The original Complaint at Law in this matter was filed before the Court of Common Pleas of Philadelphia County, Pennsylvania, on March 30, 2007. *See* Order of July 30, 2007, from the Court of Common Pleas, Philadelphia County, Pennsylvania, attached hereto as Exhibit A. While the Pennsylvania court was of competent jurisdiction, Defendant objected to venue pursuant to Pennsylvania statute. 42 Pa. C.S.A. §5322(e) (2007) and Exhibit A. On July 30, 2007, the court dismissed the Pennsylvania action and granted Plaintiff six months to file a new complaint in Illinois. Exhibit A. On January 28, 2008, within the time period prescribed by the Pennsylvania Court's order, Plaintiff filed a Complaint at Law in this Court. *See* Complaint at

Law filed January 24, 2008, attached hereto as Exhibit B.  The parties agree that the United States District Court for the Northern District of Illinois has proper subject matter jurisdiction, proper personal jurisdiction over the Defendant, and is a court of proper venue for the allegations in Plaintiff's Complaint.  The Amended Complaint filed on May 22, 2008, does not bear upon the issues discussed in this memorandum.

**Relevant Statutory and Case Law**

When a Plaintiff files a FELA action in federal court, and the defendant sufficiently objects to venue, the case is merely transferred to a district of proper venue pursuant to 28 U.S.C. §1406(a) (West 2008).  When a case is filed in state court, however, and the defendant sufficiently objects to venue, there is no statutory vehicle allowing for transfer; therefore the case must be dismissed and refiled in the new jurisdiction.  *See generally* Burnett v. New York Central RR Co., 380 U.S. 424, 85 S.Ct. 1050 (1965).  This creates potential pitfalls for Plaintiffs who may have filed within the applicable statute of limitations,[1] but who then must have their case dismissed to re-file in another district after the statute of limitations has expired.  Id.  Such is the case here.

To address this problem, courts have fashioned an "equitable tolling" rule, allowing a FELA plaintiff time to re-file his state court action which is subsequently dismissed for venue reasons in federal court where venue is proper.  Id. at 428 and 1054. The limitations period is "tolled" during the pendency of the state action, during the time during which an appeal may be taken from the state court order of dismissal, or through the entry of final judgment on appeal of this order.  Id. at 435 and 1058.

---

[1] The parties disagree as to whether or not Plaintiff's initial filing on March 30, 2007, was timely.  That, however, is the subject of a different motion and will not be addressed here.

Whether the state court is permitted to extend the deadline for re-filing, as happened in this case, is another issue, though not one dispositive of the case at bar. As mentioned above, the Burnett rule allows the limitations period to be tolled during the pendency of the state action, during the time during which an appeal may be taken from the state court order of dismissal, or through the entry of final judgment on appeal of this order. Id. While Plaintiff's Pennsylvania action was only pending for four months, and the time thereafter to appeal the dismissal on venue grounds was even shorter,[2] Plaintiff acted in reliance on the Pennsylvania court's order, and re-filed within the court-ordered time period. Exhibit A and Exhibit B.

Turning, then, to the significance of Plaintiff's March 30, 2007, filing date: The Federal Employers' Liability Act ("FELA") provides plaintiffs three years from the day that the cause of action accrued to file their suit. 45 U.S.C. §56 (2008). Because this limitation period is contained within the same act as the right being created, it is a substantive limitation, not merely a procedural limitation. Burnett, 380 U.S. at 426, 85 S.Ct. at 1053.

The FELA limitations period affects discrete trauma cases and cumulative trauma cases differently. In an alleged cumulative trauma case, such as the one before this court, courts have applied a "discovery rule." The Supreme Court established the rule, holding that when the "injurious consequences of the exposure are the product of a period of time rather than a point in time," the plaintiff will be held to be injured only when the cumulative effects of the mechanism of injury manifest themselves. Urie v. Thompson, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025 (1949). The Seventh Circuit later clarified the rule, taking guidance from Urie and its progeny, holding that a cause of action arises for statute of limitations purposes when the condition

---

[2] Pennsylvania Rule of Appellate Procedure 903(a) requires notice of appeal to be filed within thirty days of the entry from which the appeal is taken. Pa. R.A.P. 903(a) (2007). Appeals may be taken from Final Orders, which include an order that disposes of all claims and of all parties, such as Exhibit A. Pa. R.A.P. 341(b)(1) (2007).

manifests itself, at which point Plaintiff is on notice to investigate both the nature of his injury and any potential causes. <u>Fries v. Chicago & Northwestern Trans. Co.</u>, 909 F.2d 1092, 1095 (1990).

By dismissing Plaintiff's Complaint on Defendant's venue motion and giving Plaintiff six months in which to re-file in another forum, the Pennsylvania court was using its equitable powers to ensure that the Plaintiff's limitations period did not change as a result of Plaintiff's initial choice of forum. For these reasons, the parties agree that the relevant date for statute of limitations purposes should be March 30, 2007, and not January 28, 2008.

Respectfully submitted,


By: <u>s/Joseph L. Nelson</u>
JOSEPH L. NELSON
Anderson, Rasor & Partners, LLP
55 E. Monroe, Suite 3650
Chicago, IL 60603
*Attorney for Defendant*


By: <u>s/Steven M. Dicker</u>
STEVEN M. DICKER
Dicker & Dicker
300 W. Adams Street, Suite 330
Chicago, IL 60606
*Local Attorney for Plaintiff*


By: <u>s/Thomas J. Joyce, III</u>
THOMAS J. JOYCE, III
Law Office of Thomas J. Joyce, III
900 Centerton Road
Mount Laurel, NJ 08054
*Lead Trial Attorney for Plaintiff*