IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG S. MEYERS | : | |
| | : | |
| Plaintiff | : | Case No. 08-cv-00540 |
| | : | |
| v. | : | |
| | : | Honorable Samuel Der-Yeghiayan |
| NATIONAL RAILROAD | : | |
| PASSENGER CORP. (AMTRAK) | : | |
| | : | |
| Defendant | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES

First Affirmative Defense – Contributory Negligence:

The allegations contained in Defendant's First Affirmative Defense constitute a conclusion of law to which no response is required. To the extent a response is deemed necessary, all of the allegations contained in Defendant's First Affirmative Defense are specifically denied in their entirety and strict proof thereof is demanded at trial. It is specifically denied that Plaintiff was contributorily negligent, or that any alleged contributory negligence caused or contributed to Plaintiff's claimed occupational injuries, or that Plaintiff's recovery should be reduced for any reason.

Second Affirmative Defense – Statute of Limitations:

The allegations contained in Defendant's Second Affirmative Defense constitute a conclusion of law to which no response is required. To the extent a response is deemed necessary, all of the allegations contained in Defendant's Second Affirmative Defense are specifically denied in their entirety and strict proof thereof is demanded at trial. It is specifically denied that Plaintiff failed to bring his action within three years from the time he knew or should have known of his claimed occupational injuries, or that Plaintiff's action is time-barred.

<u>Third Affirmative Defense – Mitigation of Damages</u>:

The allegations contained in Defendant's Third Affirmative Defense constitute a conclusion of law to which no response is required. To the extent a response is deemed necessary, all of the allegations contained in Defendant's Third Affirmative Defense are specifically denied in their entirety and strict proof thereof is demanded at trial. It is specifically denied that Plaintiff failed to mitigate his damages.

WHEREFORE, the Plaintiff, Craig S. Meyers, respectfully requests that Defendant National Railroad Passenger Corporation's Affirmative Defenses be denied.

Respectfully submitted,

Dated: August 4, 2008       By: */s/Steven M. Dicker*
STEVEN M. DICKER, ESQUIRE
Dicker & Dicker
300 W. Adams Street, Suite 330
Chicago, IL 60606
Local Attorney for Plaintiff

By: */s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III, ESQUIRE
Law Office of Thomas J. Joyce, III
900 Centerton Road
Mount Laurel, NJ 08054
Lead Trial Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG S. MEYERS | : | |
| | : | |
| Plaintiff | : | Case No. 08-cv-00540 |
| | : | |
| v. | : | |
| | : | Honorable Samuel Der-Yeghiayan |
| NATIONAL RAILROAD | : | |
| PASSENGER CORP. (AMTRAK) | : | |
| | : | |
| Defendant | : | |

CERTIFICATE OF SERVICE

    I, Steven M. Dicker, Esquire, hereby certify that I electronically filed the foregoing Plaintiff's Response to Defendant's Affirmative Defenses with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED this 4th day of August, 2008.

                                                      */s/Steven M. Dicker*
                                                      Steven M. Dicker, Esquire